| | |
|---|---|
| **CRAIG STAMBAUGH**<br>3607 Mt. Carmel Road<br>Upperco, Maryland 21155<br><br>        Plaintiff,<br><br>**v.**<br><br>**ALLEN BOLTZ**<br>30 Crosskey Road<br>Bernville, Pennsylvania 19506<br><br>and<br><br>**CONTRACT TRANSPORTATION SYSTEMS CO.**<br>101 Prospect Avenue, N.W.<br>Cleveland, Ohio 44115<br>SERVE: CSC-Lawyers Incorporating Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, Maryland 21202<br><br>and<br><br>**THE SHERWIN-WILLIAMS COMPANY**<br>101 Prospect Avenue, N.W.<br>Cleveland, Ohio 44115<br>SERVE: CSC-Lawyers Incorporating Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, Maryland 21202<br><br>        Defendants. | <u>IN THE CIRCUIT COURT</u><br><br><u>FOR</u><br><br><u>BALTIMORE COUNTY</u><br><br>**CASE NO.:**<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Craig Stambaugh, by and through his attorneys, Lauren M. Geisser and Gilman & Bedigian, L.L.C., hereby sues Defendants Allen Boltz (hereinafter "Defendant Driver"), Contract Transportation Systems Co. (hereinafter "Defendant CTS"), and The Sherwin-Williams Company (hereinafter "Defendant Sherwin-Williams") and states as follows:

### FACTS COMMON TO ALL COUNTS

1.    That all events giving rise to this lawsuit occurred in Baltimore County,

Maryland.

    2.      That Plaintiff is a resident of Baltimore County, Maryland.

    3.      That Defendant Driver is a resident of Berks County, Pennsylvania.

    4.      That Defendant CTS is a business entity that maintains its principal office in Cuyahoga County, Ohio, and that regular conducts business throughout the State of Maryland, including in Baltimore County, Maryland.

    5.      That Defendant Sherwin-Williams is a business entity that maintains its principal office in Cuyahoga County, Ohio, and that regular conducts business throughout the State of Maryland, including in Baltimore County, Maryland.

    6.      That on or about July 3, 2019, at approximately 11:30 p.m., Plaintiff was lawfully and carefully operating his vehicle northbound on Interstate 83, near Timonium Road, when Plaintiff was caused to stop due to a disabled vehicle in the roadway.

    7.      That at approximately the same time and place, a tractor trailer vehicle owned by Defendant CTS and/or Defendant Sherwin-Williams and operated with permission by the Defendant Driver, was travelling behind Plaintiff on I-83 when Defendant Driver failed to pay due care and regard and failed to stop behind Plaintiff, thus causing a forceful collision with the Plaintiff's vehicle.

    8.      That upon information and belief, at all times relevant hereto, Defendant Driver was acting in the scope of his employment for Defendant CTS and/or Defendant Sherwin-Williams.

    9.      That Defendants owed a duty to the Plaintiff as driver/owner/employer.

<b><u>COUNT I</u></b><br>(Negligence – against Defendant Driver)

    10.     Plaintiffs adopts by reference the allegations contained in paragraphs 1 through 9 of this Complaint, and all paragraphs hereafter, with the same effect as if herein fully set forth.

11.     That the Defendant Driver was operating the vehicle owned by Defendant CTS and or Defendant Sherwin-Williams in a negligent and careless manner by failing to exercise care and caution for the safety of others on a public highway; failing to maintain a proper lookout; failing to exercise care and caution to avoid a collision; failing to obey a traffic control device; failing to maintain proper control over the vehicle; violating the Federal Motor Carrier Safety Regulations; violating the Commercial Driver's License Standards; and was otherwise negligent in causing this collision.

12.     That as a proximate result of the negligence of the Defendant Driver, Plaintiff was caused to be seriously, painfully, and permanently injured about the wrist, hand, body, and limbs; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred in the future.

13.     That as a proximate result of the negligence of the Defendant, Plaintiff was caused to suffer substantial property damage to his vehicle and other damage to personal property, direct and consequential.

14.     The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of the Defendant Driver without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT II
(Negligent Hiring of Defendant Driver against Defendant CTS)

15.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 14 and all other counts of this Complaint with the same effect as if herein fully set forth.

16.     Defendant CTS hired Defendant Driver to be a driver for its business which required Defendant Driver to use a motor vehicle during his employment.

17.     Defendant CTS had a duty to use reasonable care to select employees who were competent and fit to perform the duties required of the job.

18.     Defendant Driver was incompetent and unable to perform the duties required at the time of hiring by Defendant CTS.

19.     A reasonable and prudent employer would not have ignored Defendant Driver's unfitness to perform the duties his employment entailed. Defendant CTS knew, or should have known, of Defendant Drivers incompetence and inability to perform the duties required during his driving route and that he was not a safe and responsible driver.

20.     Defendant CTS owed a duty of reasonable care to Plaintiff to hire employees who were competent and fit to perform the duties required of them, and through hiring Defendant Driver breached such duty.

21.     As a result of Defendant CTS' negligence in hiring Defendant Driver, Plaintiff was caused to be seriously, painfully, and permanently injured about the wrist, hand, body, and limbs; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred in the future.

4

22.     That as a proximate result of the negligence of the Defendant, Plaintiff was caused to suffer substantial property damage to his vehicle and other damage to personal property, direct and consequential.

23.     The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of the Defendants without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT III
(Negligent Entrustment against Defendant CTS)

24.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 23 and all other counts of this Complaint with the same effect as if herein fully set forth.

25.     Defendant CTS owned, leased, and/or otherwise controlled the vehicle involved in this collision, and supplied the vehicle to Defendant Driver.

26.     Defendant CTS knew, or should have known, that Defendant Driver had a propensity to operate vehicles in a negligent and unsafe manner, which would likely cause physical damage to others.

27.     That as a proximate result of the negligence of the Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the wrist, hand, body, and limbs; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred in the future.

28.     That as a proximate result of the negligence of the Defendant, Plaintiff was caused to suffer substantial property damage to his vehicle and other damage to personal property, direct and consequential.

29.     The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of the Defendants without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT IV
(Respondent Superior against Defendant CTS)

30.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 29, and all other counts of this Complaint with the same effect as if herein fully set forth.

31.     At all times relevant hereto, upon information and belief, Defendant Driver was acting in the scope of his employment for Defendant CTS.

32.     As a result, Defendant CTS is responsible for the negligent acts of Defendant Driver.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT V
(Negligent Retention against Defendant CTS)

33.     Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 32 and all other counts of this Complaint with the same effect as if herein fully set forth.

34.     Defendant CTS hired Defendant Driver to be a driver for its business which required Defendant Driver to use a motor vehicle during his employment.

35.     Defendant CTS had a duty to use reasonable care to select employees who were competent and fit to perform the duties required of the job.

36.     Defendant Driver was incompetent and unable to perform the duties required at the time of hiring by Defendant CTS.

37.     A reasonable and prudent employer would not have ignored Defendant Driver's unfitness to perform the duties his employment entailed. Defendant CTS knew, or should have known, of Defendant Driver's incompetence and inability to perform the duties required during his driving route and that he was not a safe and responsible driver.

38.     Defendant CTS owed a duty of reasonable care to Plaintiff to hire employees who were competent and fit to perform the duties required of them, and through retaining Defendant Driver breached said duty.

39.     As a result of Defendant CTS' negligence in hiring and retaining Defendant Driver, Plaintiff was caused to be seriously, painfully, and permanently injured about the wrist, hand, body, and limbs; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred in the future.

40.     That as a proximate result of the negligence of the Defendant, Plaintiff was caused to suffer substantial property damage to his vehicle and other damage to personal property, direct and consequential.

41.     The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of the Defendants without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

**COUNT VI**

(Negligent Training and Supervision of Defendant Driver against Defendant CTS)

42.     Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 41 and all other counts of this Complaint with the same effect as if herein fully set forth.

43.     That upon information and belief, Defendant CTS failed to properly train and supervise Defendant Driver in the appropriate method of operating a tractor trailer vehicle like the one Defendant Driver was operating at the time of the collision with Plaintiff.

44.     That as a result of the lack of training and proper supervision, said Defendant Driver caused a collision with the Plaintiff's vehicle.

45.     As a result of Defendant CTS' negligence, Plaintiff was caused to be seriously, painfully, and permanently injured about the wrist, hand, body, and limbs; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred in the future.

46.     That as a proximate result of the negligence of the Defendant, Plaintiff was caused to suffer substantial property damage to his vehicle and other damage to personal property, direct and consequential.

47.    The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of the Defendants without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

<u>**COUNT VII**</u>
(Negligence against Defendant CTS)

48.    Plaintiff adopts by reference the allegations contained in paragraphs 1 through 47 and all other counts of this Complaint with the same effect as if herein fully set forth.

49.    That as a proximate result of the negligence of the Defendant CTS, Plaintiff was caused to be seriously, painfully, and permanently injured about the wrist, hand, body, and limbs; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred in the future.

50.    That as a proximate result of the negligence of the Defendant, Plaintiff was caused to suffer substantial property damage to his vehicle and other damage to personal property, direct and consequential.

51.    The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of the Defendants without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT VIII
(Negligent Hiring of Defendant Driver against Defendant Sherwin-Williams)

52.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 51 and all other counts of this Complaint with the same effect as if herein fully set forth.

53.     Defendant Sherwin-Williams hired Defendant Driver to be a driver for its business which required Defendant Driver to use a motor vehicle during his employment.

54.     Defendant Sherwin-Williams had a duty to use reasonable care to select employees who were competent and fit to perform the duties required of the job.

55.     Defendant Driver was incompetent and unable to perform the duties required at the time of hiring by Defendant Sherwin-Williams.

56.     A reasonable and prudent employer would not have ignored Defendant Driver's unfitness to perform the duties his employment entailed. Defendant Sherwin-Williams knew, or should have known, of Defendant Drivers incompetence and inability to perform the duties required during his driving route and that he was not a safe and responsible driver.

57.     Defendant Sherwin-Williams owed a duty of reasonable care to Plaintiff to hire employees who were competent and fit to perform the duties required of them, and through hiring Defendant Driver breached such duty.

58.     As a result of Defendant Sherwin-Williams' negligence in hiring Defendant Driver, Plaintiff was caused to be seriously, painfully, and permanently injured about the wrist, hand, body, and limbs; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with

reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred in the future.

59.     That as a proximate result of the negligence of the Defendant, Plaintiff was caused to suffer substantial property damage to his vehicle and other damage to personal property, direct and consequential.

60.     The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of the Defendants without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

<u>COUNT IX</u>
(Negligent Entrustment against Defendant Sherwin-Williams)

61.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 60 and all other counts of this Complaint with the same effect as if herein fully set forth.

62.     Defendant Sherwin-Williams owned, leased, and/or otherwise controlled the vehicle involved in this collision, and supplied the vehicle to Defendant Driver.

63.     Defendant Sherwin-Williams knew, or should have known, that Defendant Driver had a propensity to operate vehicles in a negligent and unsafe manner, which would likely cause physical damage to others.

64.     That as a proximate result of the negligence of the Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the wrist, hand, body, and limbs; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability

be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred in the future.

65.     That as a proximate result of the negligence of the Defendant, Plaintiff was caused to suffer substantial property damage to his vehicle and other damage to personal property, direct and consequential.

66.     The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of the Defendants without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT X
(Respondent Superior against Defendant Sherwin-Williams)

67.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 66, and all other counts of this Complaint with the same effect as if herein fully set forth.

68.     At all times relevant hereto, upon information and belief, Defendant Driver was acting in the scope of his employment for Defendant Sherwin-Williams.

69.     As a result, Defendant Sherwin-Williams is responsible for the negligent acts of Defendant Driver.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT XI
(Negligent Retention against Defendant Sherwin-Williams)

70.     Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 69 and all other counts of this Complaint with the same effect as if herein fully set forth.

71.     Defendant Sherwin-Williams hired Defendant Driver to be a driver for its business which required Defendant Driver to use a motor vehicle during his employment.

72.     Defendant Sherwin-Williams had a duty to use reasonable care to select employees who were competent and fit to perform the duties required of the job.

73.     Defendant Driver was incompetent and unable to perform the duties required at the time of hiring by Defendant Sherwin-Williams.

74.     A reasonable and prudent employer would not have ignored Defendant Driver's unfitness to perform the duties his employment entailed. Defendant Sherwin-Williams knew, or should have known, of Defendant Driver's incompetence and inability to perform the duties required during his driving route and that he was not a safe and responsible driver.

75.     Defendant Sherwin-Williams owed a duty of reasonable care to Plaintiff to hire employees who were competent and fit to perform the duties required of them, and through retaining Defendant Driver breached said duty.

76.     As a result of Defendant Sherwin-Williams' negligence in hiring and retaining Defendant Driver, Plaintiff was caused to be seriously, painfully, and permanently injured about the wrist, hand, body, and limbs; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred in the future.

77.    That as a proximate result of the negligence of the Defendant, Plaintiff was caused to suffer substantial property damage to his vehicle and other damage to personal property, direct and consequential.

78.    The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of the Defendants without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

**COUNT XII**

(Negligent Training and Supervision of Defendant Driver against Defendant Sherwin-Williams)

79.    Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 78 and all other counts of this Complaint with the same effect as if herein fully set forth.

80.    That upon information and belief, Defendant Sherwin-Williams failed to properly train and supervise Defendant Driver in the appropriate method of operating a tractor trailer vehicle like the one Defendant Driver was operating at the time of the collision with Plaintiff.

81.    That as a result of the lack of training and proper supervision, said Defendant Driver caused a collision with the Plaintiff's vehicle.

82.    As a result of Defendant Sherwin-Williams' negligence, Plaintiff was caused to be seriously, painfully, and permanently injured about the wrist, hand, body, and limbs; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred in the future.

83.    That as a proximate result of the negligence of the Defendant, Plaintiff was caused to suffer substantial property damage to his vehicle and other damage to personal property, direct and consequential.

84.    The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of the Defendants without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

### COUNT XIII
(Negligence against Defendant Sherwin-Williams)

85.    Plaintiff adopts by reference the allegations contained in paragraphs 1 through 84 and all other counts of this Complaint with the same effect as if herein fully set forth.

86.    That as a proximate result of the negligence of the Defendant Sherwin-Williams, Plaintiff was caused to be seriously, painfully, and permanently injured about the wrist, hand, body, and limbs; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred in the future.

87.    That as a proximate result of the negligence of the Defendant, Plaintiff was caused to suffer substantial property damage to his vehicle and other damage to personal property, direct and consequential.

88.   · The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of the Defendants without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

GILMAN & BEDIGIAN, L.L.C.

*/s/ Lauren M. Geisser*
Lauren M. Geisser
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
(410) 560-4999
lgeisser@gblegalteam.com
AIS: 0912150282
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury on all issues herein.

*/s/ Lauren M. Geisser*
Lauren M. Geisser